IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY PARKER, | ) |
| Plaintiff, | ) |
| | ) NO. 1:20-cv-00003 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| MAGNA SEATING, INC., | ) MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) |

## MEMORANDUM

Plaintiff Anthony Parker, a Tennessee resident, filed a *pro se* complaint against Defendant Magna Seating, Inc. ("Magna Seating") under the Americans with Disabilities Act ("ADA") and Tennessee law. (Doc. No. 1). He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2). Both are now before the Court.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff is 61 years of age, unemployed, and has no significant assets. While Plaintiff's listed monthly income exceeds expenses, what he describes as income is comprised of a $440.00 monthly unemployment payment plus temporary assistance from family members. (Doc. No. 2 at 5). Further, Plaintiff reports no significant discretionary expenses. (*Id*. at 4). It therefore appears from Plaintiff's *in forma pauperis* application that he cannot pay the full $400.00 filing fee in advance without undue hardship. Accordingly, the application will be granted.

### II. INITIAL REVIEW OF COMPLAINT

The Court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## A. Standard of Review

In reviewing the complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391

F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Allegations**

Liberally construing the complaint and drawing the necessary reasonable inferences, the Court has identified the following factual allegations. In 2015, Plaintiff was diagnosed with cervical spinal stenosis and a lesion of the right ulnar nerve. (Doc. No. 1 at 3 & Ex. 3). He had numerous tests, injections, physical therapy, and surgery to reduce the pain caused by these conditions. (*Id*. at 3).

In August 2018, Magna Seating hired Plaintiff as a third shift supervisor, and the parties executed an employment agreement. (*Id*. at 2). On October 16, 2018, Plaintiff reported pain in his right arm to his shift manager. (*Id*. at 3). He then communicated with Magna Seating human resources manager Steve Falter and production manager George Johnson on a weekly basis concerning his medical status. (*Id*.) Plaintiff was subsequently asked harassing personal and invasive medical questions concerning his doctor's note, and Magna Seating eventually denied that note as an unacceptable excuse. (*Id*. at 3-4 & Ex. 5). Despite Plaintiff being an employee in good standing and under a doctor's care, Magna Seating intentionally denied him paid-for medical insurance and short-term disability coverage after November 21, 2018. (*Id*. at 3-4 & Ex. 7, 9). As a result, Plaintiff could not receive proper medical care and suffered emotional distress and physical pain. (Doc. No. 1 at 4.) Plaintiff believes that Magna Seating retaliated against him for reporting his preexisting medical condition. (*Id*. at 3).

Steve Falter terminated Plaintiff on December 5, 2018. (Doc. No. 1 at 3). Plaintiff believes that Magna Seating terminated him because of his medical condition. (*Id*. at 4). Plaintiff made an ethics complaint on Magna Seating's internal hotline, and he subsequently communicated with Magna Seating's investigator Rob Eastwood. (*Id*. at 4 & Ex. 10). The complaint alleges that Magna Seating breached the employment agreement in connection with Plaintiff's termination by not giving him a severance payment, vacation days, and medical insurance. (*Id*. at 3-4 & Ex. 4).

**C. Discussion**

    1. <u>Federal Claims</u>

The complaint reflects that Plaintiff intends to bring federal employment law claims against Magna Seating. Before reviewing the merits, the Court first addresses the timeliness of these claims.

A plaintiff must file a civil lawsuit within 90 days of receiving the right-to-sue notice from the EEOC demonstrating the exhaustion of administrative remedies. *See McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2014) (citing 42 U.S.C. § 12117(a)) (discussing the 90-day requirement in the context of the ADA). There is a presumption that a plaintiff "receives the EEOC's [right-to-sue] letter by the fifth day after the indicated mailing date." *Fuller v. Mich. Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). Plaintiff has satisfied the administrative exhaustion requirement by submitting the right-to-sue notice that he received from the EEOC. (Doc. No. 1-8). The right-to-sue notice is dated January 7, 2020, so the Court presumes Plaintiff received it by January 12, 2020. (*Id*.) The Court received the complaint on January 21, 2020, nine days later. (Doc. No. 1 at 1). Accordingly, the Court considers Plaintiff's federal claims to be timely for the purpose of initial review.

Turning to the merits, the complaint specifies that Plaintiff intends to bring claims under the ADA.[1] (*Id.* at Doc. No. 1 at 3). The complaint also reflects that the discriminatory conduct of which Plaintiff complains is termination of employment and retaliation.[2] (*Id.* at 4). Finally, Plaintiff alleges that Magna Seating discriminated against him based upon his disability – specifically, the medical conditions of cervical spinal stenosis and lesion of the right ulnar nerve. (*Id.* at 3).

The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" with regard to hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). For a claim of disability discrimination, Plaintiff must plausibly allege that: (1) he is disabled; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) he suffered an adverse employment action; (4) Magna Seating knew or had reason to know of his disability; and (5) his position remained open while Magna Seating sought other applicants or replaced him. *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 320 (6th Cir. 2019); *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016). However, at this stage this is not an onerous burden, *Wallace v. Edward W. Sparrow Hosp. Ass'n*, 782 F. App'x 395, 404 (6th Cir. 2019), and Plaintiff need not establish all of these elements. *Swierkiewicz v. Sorema N.A.*, 534 U.S.

---

[1] The complaint contains a passing reference to Title VII of the Civil Rights Act of 1964. (*See* Doc. No. 1 ¶ 5). However, Plaintiff neither identifies that he is suing under this statute on the civil cover sheet, nor sets forth a Title VII cause of action. Further, while the complaint notes that Plaintiff is an African-American male (Doc. No. 1 at 2), it does not allege any facts that would support a claim of discrimination on the basis of race or color under Title VII. In addition, the complaint notes that Plaintiff is "over age 40" (*see id.*), but Plaintiff does not invoke the Age Discrimination in Employment Act ("ADEA"). Accordingly, the Court does not construe the complaint to include Title VII or ADEA claims.

[2] While Plaintiff does not explicitly use the term "retaliation" in the body of the ADA cause of action, he clearly makes this allegation earlier in the complaint. (*See* Doc. No. 1 at 3, 7-8). Liberally construing the complaint, the Court finds that Plaintiff intended to bring both ADA discrimination and retaliation claims.

506, 512 (2002). So long as the complaint alleges that Plaintiff was disabled or regarded as disabled and otherwise qualified for his position, Plaintiff need only "give [Magna Seating] fair notice of what his claim is and the grounds upon which it rests." Morgan v. St. Francis Hosp., No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (ADA discrimination claim) (citing *Swierkiewicz*, 534 U.S. at 512; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To state an ADA retaliation claim, Plaintiff must allege plausible facts that: (1) he engaged in activity protected under the ADA; (2) Magna Seating knew of that activity; (3) Magna Seating took an adverse action against him; and (4) there was a causal connection between the protected activity and the adverse action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)); *Bullard v. Fedex Freight, Inc.*, 218 F. Supp. 3d 608, 618-19 (M.D. Tenn. 2016). Protected activity under the ADA includes "oppos[ing] any act or practice made unlawful by [the ADA]" or "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).

Liberally construing the factual allegations set forth above and taking them as true, as required at this stage of the proceedings, the Court concludes that Plaintiff has stated ADA claims against Magna Seating sufficient to survive initial review. Regarding the discrimination claim, Plaintiff has plausibly alleged that he is disabled, was considered by Magna Seating to be qualified for his shift supervisor position, brought his medical conditions to the attention of Magna Seating as early as October 2018 and provided doctor's notes, and suffered one or more adverse employment actions, including termination in December 2018 and refusal to pay contractually-guaranteed severance, as a direct result. This is sufficient for this claim to proceed.

Plaintiff has also stated a colorable ADA retaliation claim. Plaintiff has sufficiently alleged that Magna Seating retaliated against him for seeking excused absences from work by harassing him, denying him medical coverage and short-time disability payments, and rejecting doctor's notes. Seeking accommodations for a disability is a protected activity under the ADA. A.C., 711 F.3d at 698 (citations omitted); Hurtt v. Int'l Servs., Inc., 627 F. App'x 414, 422 (6th Cir. 2015). In addition, liberally construed, the complaint alleges that Magna Seating retaliated against Plaintiff for making a complaint to the corporate ethics hotline by breaching the employment contract and not providing separation benefits under the employment agreement. The Court infers that this complaint encompassed discrimination under the ADA, therefore making it protected conduct. 42 U.S.C. § 12203(a). At this early stage of the case, therefore, the Court finds that Plaintiff's ADA retaliation claim may proceed.

2. State Law Claims

The complaint also reflects that Plaintiff intends to bring two state law claims against Magna Seating. First, Plaintiff brings a breach of contract claim. Plaintiff's employment agreement is governed by Tennessee law. (*See* Doc. No. 1-4 at 4). To plead a breach of contract under Tennessee law, Plaintiff must plausibly allege: "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract." *Bridgestone America's, Inc. v. Int'l Bus. Mach. Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (quoting *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816-17 (Tenn. Ct. App. 2011) (internal quotation marks omitted)). Plaintiff has alleged that he entered into an employment agreement with Magna Seating; Magna Seating did not perform under that agreement by failing to pay him severance and provide medical insurance; and he suffered financial and physical damages as a result. This is a colorable breach of contract claim.

Plaintiff also brings a claim under the Tennessee Public Protection Act ("TPPA"), which is sometimes referred to as Tennessee's "Whistleblower Act." *See Williams v. City of Burns*, 465 S.W.3d 96, 110 (Tenn. 2015). As relevant here, the TPPA includes a claim for "discharge in retaliation for refusing to remain silent about illegal activities, usually referred to as 'whistleblowing.'" *Id*. A cause of action for retaliatory discharge under the TPPA is somewhat unique in that, as a matter of law, it definitively accrues on the day of discharge from employment and must be brought within one year. *See Setzer v. First Choice Lending Servs., LLC*, No. 3:17-CV-00147, 2018 WL 735194, at *3 (E.D. Tenn. Feb. 6, 2018) (holding that TPPA claim not brought within one year of discharge from employment is "time-barred as a matter of law"), *aff'd,* No. 18-5192, 2018 WL 7500477, at *3 (6th Cir. Sept. 10, 2018); *Gibson-Holmes v. Fifth Third Bank*, 661 F. Supp. 2d 905, 912 (M.D. Tenn. 2009) (same) (citing *Farmer v. Tenn. Dep't of Safety*, 228 S.W.3d 96, 98 (Tenn. Ct. App. 2007)).

The complaint alleges that Plaintiff was terminated on December 5, 2018. (Doc. No. 1 at 3). Plaintiff's TPPA cause of action therefore accrued on that date and had to be brought by December 5, 2019. However, the complaint was not filed until January 21, 2020. Accordingly, Plaintiff's TPPA claim is time-barred and must be dismissed. *See, e.g., Harper v. Government*, No. 15-2502-STA-cgc, 2016 WL 737947, at *2 & n.16 (W.D. Tenn. Feb. 23, 2016) (adopting report and recommendation *sua sponte* dismissing *pro se* plaintiff's TPPA claim upon initial review as untimely because the claim was not brought within one year of the plaintiff's alleged date of discharge from employment).

### III. CONCLUSION

For the reasons explained above, Plaintiff's *in forma pauperis* application (Doc. No. 2) will be granted. The Court concludes that Plaintiff has stated non-frivolous ADA discrimination and

retaliation claims and a breach of contract claim, and these claims shall proceed. The TPPA claim will be dismissed.

An appropriate order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE