# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:20-cv-00003 ) |
| | ) JUDGE CAMPBELL |
| MAGNA SEATING of AMERICA, INC., | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 40), recommending the Court grant Defendant's motion for summary judgment (Doc. No. 30), and dismiss this case. Defendant has filed Objections to the Report and Recommendation (Doc. No. 41).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In the Report, the Magistrate Judge concluded that Defendant was entitled to summary judgment on Plaintiff's claims of disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.;* breach of contract; and tortious interference

with a business relationship. According to the Magistrate Judge, the undisputed evidence in the record indicates Plaintiff was hired by Defendant for a 90-day probationary period; appeared for work from October 20, 2018 to October 25, 2018; provided doctors' notes for the period from October 26, 2018 to November 17, 2018; and was terminated on December 5, 2018 for failing to provide a doctor's note or to return to work after November 17, 2018, in violation of Defendant's attendance policy.

Plaintiff's objections appear to relate solely to the Magistrate Judge's conclusions regarding the breach of contract claim. First, Plaintiff contends he had a doctor's note covering the period from November 12, 2018 to December 18, 2018, which satisfied the terms of the offer letter and company policy. The Magistrate Judge determined, however, that the doctor's note to which Plaintiff refers was not provided to Defendant until after Plaintiff's termination was effective on December 5, 2018. Eight days later, Plaintiff notified the defendant's ethics hotline of the doctor's note. Plaintiff has provided no evidence contradicting these undisputed facts. To the extent Plaintiff argues the Magistrate Judge inserted new terms into the offer letter by rejecting the most recent doctor's note, in violation of the parol evidence rule,[1] his argument is without legal support. Plaintiff has not shown that requiring him to provide a doctor's note to his employer during the period covered by the note altered the terms of his offer letter or company policy.

---

[1] The parol evidence rule, under Tennessee law, provides that, when a contract has an integration clause – when it is intended to be the complete and exclusive statement of the parties' agreement – a court may not use pre-contract negotiations to contradict or supplement the contract's terms. *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc.,* 566 S.W.3d 671, 696 (Tenn. 2019).

Plaintiff also objects to the Report's finding that he was terminated during the probationary period. Plaintiff contends the probationary period actually started on the date he signed the defendant's offer letter, August 20, 2018, rather than the date he began work, and therefore, he was terminated after the expiration of the probationary period. The offer letter specifically states, however, that the probationary period ("Introductory Period") begins when Plaintiff commences employment:

> **INTRODUCTORY PERIOD:** Upon commencing employment with the Company, you will serve a three (3) calendar month introductory period. At any time during the introductory period, the Company may, at its sole discretion, terminate your employment without cause without prior notice or payment in lieu thereof.

Plaintiff's contention that the introductory period began on the date of signing instead of the date he actually began performing work for the company is without factual or legal support.

Plaintiff also argues that neither the offer letter nor company policy contain a *force majeure* clause,[2] but he fails to explain how the absence of such a clause demonstrates error in the reasoning of the Magistrate Judge. Similarly, Plaintiff refers to the doctrine of equitable estoppel,[3] but does not explain how application of the doctrine demonstrates error in the Report.

---

[2] A *force majeure* provision in a contract generally defines the scope of unforeseeable events that might excuse nonperformance by a party. *See, e.g., Bayader Fooder Trading, LLC v. Wright*, 2014 WL 5369420, at * 3 (W.D. Tenn. Oct. 21, 2014).

[3] The doctrine of equitable estoppel generally prevents one party from changing positions if he or she made representations upon which the other party reasonably relied. *See, e.g., Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59, 104 S. Ct. 2218, 2223, 81 L. Ed. 2d 42 (1984).

Plaintiff's objections fail to state viable grounds to challenge the conclusions of the Magistrate Judge, or otherwise provide a basis to reject or modify the Report and Recommendation. Having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's motion for summary judgment (Doc. No. 30) is **GRANTED**, and this action is **DISMISSED.**

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE